UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

THE BURLINGTON INSURANCE CO.,

      Plaintiff,

    v.

EDEN CRYOGENICS LLC, *et. al.*,

      Defendants.

Case No. 2:14-cv-00066
CHIEF JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Terence P. Kemp

## OPINION AND ORDER

This matter is before the Court for re-consideration of the Court's Opinion and Order on the parties' cross-motions for summary judgment (ECF No. 34) and on a motion for final judgment, or, in the alternative, certification for appeal (ECF No. 41). The plaintiff, in this action, The Burlington Insurance Co., ("Burlington") is an insurance company that issued a series of commercial general liability ("CGL") policies (the "TBIC Policies") to Defendant Eden Cryogenics, LLC f/k/a Brehon Cryogenics, LLC ("Eden"). Defendant Eden and its employees, Defendants Steven L. Hensley ("Hensley") and Jim Mitchell ("Mitchell") (collectively, "Defendants") seek to recover defense costs and indemnification from Burlington for claims asserted against them in an underlying lawsuit, captioned *Kendall Holdings, Ltd. d/b/a PHPK Technologies v. Eden Cryogenics, LLC et. al.*, Case No. 08-cv-390 (S.D. Ohio 2008) (the "PHPK Lawsuit").

Burlington now brings motions for the Court to reconsider its September 1, 2015 Opinion and Order (the "Opinion and Order;" ECF No. 30), granting in part Defendants' motion for summary judgment and denying in part Burlington's motion for summary judgment (ECF No. 34), and final judgment, or, in the alternative, certification for appeal (ECF No. 41). For the

reasons stated below, both motions are **DENIED**.  Defendants' Motion for Extension of Time (ECF No. 42) is **DENIED as moot**.

## I. BACKGROUND

The Court has previously recited the facts of this case at length.  (*See* ECF No. 30.)  The following brief summary provides context for the motions at issue here.  On April 24, 2008, Kendall Holdings, Ltd. d/b/a PHPK Technologies ("PHPK") brought suit against Eden and several of its employees for misappropriation of trade secrets, copyright infringement, unfair competition, tortious interference, unjust enrichment, conversion and civil conspiracy.  (PHPK Lawsuit Initial Complaint ¶¶ 16-21; ECF No. 19-2).

On July 7, 2008, Defendants made a coverage claim to Burlington and received a letter denying coverage dated July 11, 2008.  (ECF No. 19-4.)  In the letter, Burlington asserted, among other defenses, that the Intellectual Property Exclusion ("IP Exclusion") precluded coverage.  (*Id.*)

PHPK filed an Amended Complaint (the "PHPK Lawsuit Complaint") on October 20, 2011.  (PHPK Lawsuit Complaint; ECF No. 19-6.)  The PHPK Lawsuit Complaint alleged copyright infringement, violation of the Ohio Deceptive Trade Practices Act, misappropriation of trade secrets, breach of implied contract of confidentiality, common law unfair competition, tortious interference, conversion, breach of fiduciary duty/duty of loyalty, and civil conspiracy.  (*Id.*, pp. 14-24.)

This case was tried to a jury from October 8-22, 2013 on the then-sole remaining claim of misappropriation of trade secrets.  The jury returned a verdict in favor of PHPK against all of the Defendants, finding that Eden and Hensley willfully and maliciously misappropriated PHPK's trade secrets and Mitchell misappropriated the same.  The jury awarded compensatory damages

against Eden in the amount of $887,000; Hensley in the amount of $150,000; and Mitchell in the amount of $10,000.

On November 12, 2013, Eden sent a letter to Burlington seeking payment of defense costs associated with the PHPK Lawsuit in the amount of $2,292,224.00 and indemnification for Defendants against the jury verdict in the amount of the $1,000,000 policy limit. (ECF No. 19-8.)

Post-trial, PHPK moved for punitive damages, which the Court granted, against Eden in the amount of $250,000; and Hensley in the amount of $75,000 (Doc. 270). Eden and Hensley subsequently moved for judgment in their favor as a matter of law, or alternatively, for a new trial, pursuant to Federal Rules of Civil Procedure 50 and 59 (ECF Nos. 278, 284). On April 17, 2015, the Court denied both motions with prejudice (ECF No. 302).

In this case, the parties cross-moved for summary judgment (ECF Nos. 19, 20). On September 1, 2015, the Court granted the motions in part and denied the motions in part, making the following findings:

- The IP Endorsement does not exclude coverage of Defendants' PHPK Lawsuit costs and Burlington breached its contractual obligation to defend against the PHPK Lawsuit;

- The Knowing Violation provision precludes Burlington's duty to provide indemnification for the compensatory damages awards against Eden and Hensley in the PHPK Lawsuit, and the IP Exclusion precludes indemnification for the same for Mitchell;

- Burlington is not obligated to provide coverage for punitive damages;

- Adjudication of the bad faith claim is not appropriate until after discovery has been completed;

- The PHPK Lawsuit alleged a personal and advertising injury within the meaning of Policy Coverage B;

- Eden, Hensley and Mitchell are insureds;

- Neither the Material Published Prior to Policy Period Exclusion, nor the Material Published with Knowledge of Falsity Exclusion applies to except Plaintiffs' policy claims from coverage;

- The assumptions of obligations and statute of limitations defenses also do not apply;

- Defendants did not provide Burlington with late notice or breach policy conditions related thereto;

- Neither waiver nor estoppel precludes coverage for the PHPK Lawsuit defense costs.

(Opinion and Order, p. 24.)

On September 10, 2015, Burlington filed its Motion for Reconsideration (ECF No. 34). On December 15, 2015, Burlington filed its Motion for Entry of Judgement Under Rule 54(b), or, in the alternative, certification for immediate appeal under 28 U.S.C. § 1292(b) (ECF No. 41).

## II. MOTION FOR RECONSIDERATION

### A. Applicable Legal Standard

Federal Rule of Civil Procedure 59(e) allows district courts to correct their own errors, "sparing the parties and appellate courts the burden of unnecessary appellate proceedings." *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008). The decision of whether to grant relief under Rule 59(e) is left to the district court's sound discretion. *In re Ford Motor Co. Securities Litigation, Class Action*, 381 F.3d 563, 573 (6th Cir. 2004). Such a motion will generally be granted only if the district court made a clear error of law, if there is an intervening change in the controlling law, or if granting the motion will prevent manifest injustice. *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999).

A Rule 59(e) motion is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier, but were not. *Sault Ste. Marie Tribe of*

4

*Indian Tribes v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). "A motion under Rule 59(e) is not intended to be utilized to re-litigate issues previously considered. Neither should it be used as a vehicle for submitting evidence which in the exercise of reasonable diligence could have been submitted before." *Frontera v. City of Columbus*, No. 2:06-CV-1046, 2009 WL 2898555, at *2 (S.D. Ohio Sept. 8, 2009), *aff'd sub nom. Frontera v. City of Columbus Div. of Police*, 395 F. App'x 191 (6th Cir. 2010) (internal citations omitted).

**B. Analysis**

In its motion, Burlington does not claim the existence of either newly discovered evidence[1] or an intervening change in controlling law. Neither has Burlington convinced the Court that its ruling is the product of a clear error of law or that it results in manifest unjustice. Burlington argues that the Court failed to take into account other sections of the TBIC Policies and, as a result, its interpretation fails to read the contract as a whole. *See United States v. Strip*, 868 F.2d 181, 185 (6th Cir. 1989). First, Burlington did not make this argument in its motions on summary judgment. "Rule 59(e) motions are aimed at reconsideration, not initial consideration. Thus, parties should not use them to raise arguments which could, and should, have been made before judgment issued." *FDIC v. World Univ. Inc.*, 978 F.2d 10, 16 (1st Cir. 1992). Now is not the proper time for Burlington to make alternative arguments to re-present a motion which the Court has already considered and ruled upon. Second, for the reasons stated in its Opinion and Order, which included consideration of other endorsements in the contract, with an eye to reading the contract as a whole, the Court is not persuaded that Burlington's interpretation of the contract is the "only one that can fairly be placed on the language in

---

[1] Burlington attaches a declaration to its Motion for Reconsideration (ECF No. 34-1), but the declaration does not contain, and Burlington does not argue that it contains, newly discovered evidence.

question." *Andersen v. Highland House Co.,* 93 Ohio St.3d 547, 549 (Ohio 2001).  Thus, its ruling was not clear error or manifestly unjust.

Burlington also asks the Court to reconsider its decision allowing Defendants' bad faith claim to proceed to discovery.  On May 6, 2014, the parties filed their initial Federal Rule of Civil Procedure 26(f) report (Doc. No. 12), in which they agreed to bifurcate the bad faith claim. The report advised the Court that discovery beyond Rule 26(a) was not required for the coverage phase.  Should the "bad faith" issues remain after the Court's summary judgment disposition, the parties recommended that initial expert designations be set for 120 days after the issuance of this Opinion and Order; rebuttal expert designations be set for 45 days after that; and discovery completed within six months from this date.  Despite its initial agreement to bifurcate, Burlington argued it was entitled to summary judgment on the claim.  The Court disagreed, allowing the claim to proceed to discovery.

Now, Burlington asks the Court to reconsider based on its interpretation of the Court's own language in the Opinion and Order.  Burlington contends that the Court's statement that Burlington's interpretation of the contract is not the only reasonable interpretation amounts to Burlington's duty to provide coverage being "fairly debatable," therefore its denial to do so was reasonable. *See Motorists Mut. Ins. Co. v. Said*, 590 N.E.2d 1228, 1236 (Ohio 1992), *overruled on other grounds by Zoppo v. Homestead Ins. Co.*, 644 N.E.2d 397 (Ohio 1994).  Burlington overreaches in its reading of the Opinion and Order.  Moreover, its argument that the Court can find no bad faith existed as a matter of law as long as the denial was reasonably justified is belied by the cases it cites in support of its premise.  In both *Motorists Mut. Ins. Co.* and *Zoppo*, the bad faith claims were tried to a jury.  In the former, the Ohio Supreme Court held that the trial judge blurred the tort of bad faith and the issue of malice in instructions to the jury.  590 N.E.2d at 700.

Thus, the case offers no support to Burlington's contention that bad faith may be decided as a matter of law pre-discovery. In *Zoppo*, the Supreme Court specifically upheld the trial judge's instructions to the jury on the law of bad faith, where the judge sent the question of reasonable justification to the jury. 644 N.E.2d at 555. Therefore, the Court did not err in denying summary judgment on the bad faith claim without prejudice to a renewed motion post-discovery. Neither *Motorists Mut. Ins. Co.* nor *Zoppo* stand for the proposition that a court commits clear error where it allows a bad faith claim to be tried to a jury, rather than holding, as a matter of law, on the reasonable justification issue.

As a result of the aforementioned reasons, Burlington's Motion for Reconsideration (ECF No. 34) is **DENIED**.

## III. MOTION FOR ENTRY OF FINAL JUDGMENT

### A. Legal Standard

#### 1. Rule 54(b) Certification

To certify a party's claim under Federal Rule of Civil Procedure 54(b), the district court must satisfy two requirements. *Inhalation Plastics, Inc. v. Medex Cardio-Pulmonary, Inc.*, 638 F. App'x 489, 494 (6th Cir. 2016); *see Planned Parenthood Sw. Ohio Region v. DeWine*, 696 F.3d 490, 500 (6th Cir. 2012); *see also Gen. Acquisition, Inc. v. GenCorp, Inc.*, 23 F.3d 1022, 1026 (6th Cir. 1994).

First, the court must expressly enter final judgment on at least one but not all of the case's claims or parties. Rule 54(b) does not, however, require the district court to "enter the partial final judgment in its certification of an immediate appeal pursuant to Rule 54(b)." *Downie v. City of Middleburg Heights*, 301 F.3d 688, 693 (6th Cir. 2002). Instead, the court must only recognize that it entered a partial final judgment. *Planned Parenthood*, 696 F.3d at 500.

Second, the court must find "no just reason" to delay that judgment's review.

Thus, to certify means that a particular judgment is "ripe for review."  10 Charles Alan Wright,

Arthur R. Miller, & Edward H. Cooper, FEDERAL PRACTICE AND PROCEDURE § 2660 (3d ed.

2015); *see Gelbolm v. Bank of Am. Corp.*, 135 S. Ct. 897, 906 (2015).  The Sixth Circuit has

identified several factors that district courts should consider in analyzing if the reason for delay

is justified:

> (1) the relationship between the adjudicated and the unadjudicated claims;
> (2) the possibility that the need for review might or might not be mooted by future
>     developments in the district court;
> (3) the possibility that the reviewing court might be obliged to consider the same
>     issue a second time;
> (4) the presence or absence of a claim or counterclaim which could result in set-off
>     against the judgment sought to be made final; and
> (5) miscellaneous factors such as delay, economic and solvency considerations,
>     shortening the time or trial, frivolity of competing claims, expense, and the like.

*Planned Parenthood*, 696 F.3d at 503 (quoting *Corrosioneering, Inc. v. Thyssen Enytl. Sys., Inc.*,

807 F.2d 1279, 1283 (6th Cir. 1986).  A district court may grant the Rule 54(b) certification

regardless of whether all the factors support certification, and may weigh the factors unequally

based on the case's circumstances.  *Curtiss-Wright Corp. v. General Electric Co.*, 100 S.Ct 1460,

1465 (1980).  "The determination of whether to allow for an appeal pursuant to Rule 54(b) is a

matter left to the sound discretion of the district court."  *Akers v. Alvey*, 338 F.3d 491, 495 (6th

Cir. 2003).

The Court has weighed the 54(b) factors and finds they do not balance in favor of

certification.  Burlington seeks appellate review of both this Court's decision that Burlington had

a duty to defend the insureds as well as the decision that the bad faith claim should proceed to

discovery.  For the reasons stated above, the Court declines to reconsider its rulings on either

issue.  Burlington has failed to show that it would be subject to any undue burdens by a denial of

certification. The Sixth Circuit has cautioned that "Rule 54(b) should not be used routinely …

but rather should be reserved for the infrequent harsh case … where certification serves the

interests of justice and judicial administration… . " *Knafel v. Pepsi Cola Bottlers of Akron, Inc.*,

850, F.2d 1155, 1159 (6th Cir. 1998). Here, the Court does not determine that there is no just

reason for delay. As a result, Burlington's Motion for Rule 54(b) Certification is **DENIED**.

### 2. 28 U.S.C. § 1292(b)

Section 1292(b) states:

> When a district judge, in making in a civil action an order not otherwise
> appealable under this section, shall be of the opinion that such order involves a
> controlling question of law as to which there is substantial ground for difference
> of opinion and that an immediate appeal from the order may materially advance
> the ultimate termination of the litigation, he shall so state in writing in such order.
> The Court of Appeals which would have jurisdiction of an appeal of such action
> may thereupon, in its discretion, permit an appeal to be taken from such order, if
> application is made to it within ten days after the entry of the order: *Provided,
> however,* That application for an appeal hereunder shall not stay proceedings in
> the district court unless the district judge or the Court of Appeals or a judge
> thereof shall so order.

28 U.S.C § 1292(b) (emphasis in original).

The Sixth Circuit has held that an interlocutory appeal is appropriate under 1292(b) when

three criteria are met: (1) the order involves a controlling question of law, (2) a substantial

ground for difference of opinion exists, and (3) an immediate appeal on the order might

materially advance the litigation's ultimate termination. *In re City of Memphis*, 293 F.3d 345,

350 (6th Cir. 2002). "Review under § 1292(b) is granted sparingly and only in exceptional

cases." *Id.*; *see also Kraus v. Bd. of County Rd. Comm'rs*, 364 F.2d 919, 922 (6th Cir. 1966). A

legal question is controlling if it could materially affect the outcome of the case. *In re City of

Memphis*, 293 F.3d at 351. A substantial ground for differing opinions exists when: "(1) the case

is difficult and of first impression; (2) a difference of opinion exists within the controlling

circuit; or (3) the circuits are split on the issue." *United States ex rel. Elliott v. Brickman Group Ltd., LLC*, 845 F. Supp. 2d 858, 866 (S.D. Ohio 2012).

An appeal would not materially advance the litigation's ultimate termination if that litigation would be "conducted in substantially the same manner regardless of [the court's] decision." *In re City of Memphis*, 293 F.3d at 351.

**B. Analysis**

Here, a substantial ground for differing opinion does not exit. The case is one of insurance contract construction, not of first impression. No difference of opinion exists within the Sixth Circuit and the circuits are not split on an issue. Moreover, "[e]ven if [the Court] concluded that there is a substantial difference of opinion, the issue presented in this case is not a controlling legal issue." *In re City of Memphis*, 293 F.3d at 351. "A legal question of the type envisioned in § 1292(b) [] generally does not include matters within the discretion of the trial court." *Id.* Here, both issues Burlington seeks to interlocutory appeal were within the sound discretion of this Court, which declines to revisit the rulings it made on summary judgment. The motion for interlocutory appeal is **DENIED**.

## V. CONCLUSIONS

For the reasons stated above, Burlington's Motion for Reconsideration (ECF No. 34) is **DENIED**. Burlington's Motion for Entry of Judgment (ECF No. 41) is **DENIED**. Defendants' Motion for Extension of Time (ECF No. 42) is **DENIED as moot**.

**IT IS SO ORDERED.**

7 - 29 - 2016
_____
**DATE**

_____
**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT CHIEF JUDGE**

10